IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,

    Plaintiff,

vs.

DONALD STINE, Warden; PHILIP
CHILDS; TAMERA CREWS; and
Ms. FUENTES,

    Defendants.

CIVIL ACTION NO.: CV511-109

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jesus Robles ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed an action under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), naming Donald Stine, Warden of D. Ray James, as Defendant. Plaintiff filed an Amended Complaint adding Philip Childs, Tamera Crews, and Ms. Fuentes as Defendants. On the same day service was ordered upon Defendants Childs, Crews, and Fuentes, Defendant Stine filed a Motion to Dismiss. The argument in Defendant Stine's Motion to Dismiss applies to all Defendants. Plaintiff filed a Response to Defendant Stine's Motion to Dismiss. For the following reasons, Defendant Stine's Motion to Dismiss should be **GRANTED**, and Plaintiff's claims against all Defendants should be **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendants Childs, Crews, and Fuentes interfered with the processing and delivery of his legal mail. Plaintiff alleges that Defendant Stine knew that Plaintiff's legal mail was being interfered with or mishandled and did nothing to correct his subordinates' actions after receiving this notice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

The Supreme Court of the United States recently held that a federal prisoner cannot bring a <u>Bivens</u> claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[1] <u>Minneci v. Pollard</u>, 132 S. Ct. 617 (2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." <u>Id.</u> at 623 (quoting <u>Wilkie v. Robbins</u>, 551 U.S. 537, 559 (2007) (declining to extend <u>Bivens</u> liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development)).

D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in <u>Minneci</u> and <u>Alba</u>, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to <u>Bivens</u> against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims against Defendants in state court.[2] Consequently, Plaintiff cannot bring a <u>Bivens</u> action against any of the named Defendants.

Plaintiff argues in his Response that <u>Minneci</u> is not applicable to his case because the plaintiff in <u>Minneci</u> brought an Eighth Amendment claim while Plaintiff purportedly brings claims under the First, Fifth, and Sixth Amendments. Plaintiff's

---

[1] It should be noted that in the Eleventh Circuit such a claim has been foreclosed since 2008. See <u>Alba v. Montford</u>, 517 F.3d 1249 (11th Cir. 2008) (declining to extend <u>Bivens</u> to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

[2] The Court offers no opinion as to the efficacy of such claims.

3

Complaint was served for potential First Amendment violations. (Doc. No. 15). Plaintiff's Amended Complaint was served on the same basis. (Doc. No. 28). Plaintiff's only allegations are that Defendants Childs, Crews, and Fuentes interfered with the processing and delivery of his legal mail, (Doc. No. 28), and that Defendant Stine was aware of the alleged interference with Plaintiff's mail and did nothing to correct it, (Doc. No. 15). The legal reasoning in Minneci applies to Plaintiff's First Amendment claims. Regardless of the nature of the constitutional violation alleged, Minneci stands for the proposition that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.

Plaintiff argues that he does not have adequate state law remedies. Plaintiff alleges that the alleged interference with his legal mail resulted in his inability to appeal his criminal case which allegedly resulted in his subsequent prolonged incarceration. Plaintiff points to paragraph 17.B. of his Amended Complaint wherein he seeks an order "demanding the Bureau of Prison's inmediate [sic] release of the plaintiff from prison. In that the denial of Meaningful Access to the Court renders his current conviction invalid." (Doc. No. 26, p. 9). Plaintiff correctly states that state courts cannot dictate his release from prison. Neither can federal courts via a Bivens action. When a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).[3] Because

---

[3] "A Bivens action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in Bivens actions. . . . Heck applies to Bivens claims." Salazar v. U.S. Attorney Gen., 2012 WL 1570855 *2 (11th Cir. May 7, 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

4

Plaintiff's requested release is not an available remedy in his <u>Bivens</u> claim, Plaintiff's assertion that his <u>Bivens</u> claims should stand because state law will not provide such relief is not persuasive. State law provides adequate relief for Plaintiff's claims. <u>See</u> O.C.G.A. § 51-10-6.

Plaintiff also argues that Defendants, although employed by a private company, were acting pursuant to authority delegated to them by the Bureau of Prisons and were, therefore, federal agents subject to <u>Bivens</u> liability. The Supreme Court specifically rejected that argument in <u>Corr. Services Corp. v. Malesko</u>, 534 U.S. 61 (2001). <u>Minneci</u>, 132 S. Ct. at 623–24.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Stine's Motion to Dismiss be **GRANTED** and that Plaintiff's claims against all Defendants be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 10th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev. 8/82)