FILED
U.S. DISTRICT COURT

2012 JUL 23 PM 3: 01

C. Robinson
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,

       Plaintiff,

vs.

DONALD STINE, Warden; PHILIP
CHILDS; TAMERA CREWS; and
Ms. FUENTES,

       Defendants.

CIVIL ACTION NO.: CV511-109

## ORDER

Plaintiff Jesus Robles ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed Objections to the Magistrate Judge's Report dated July 10, 2012, which recommended that Defendant Stine's Motion to Dismiss be granted and that Plaintiff's Complaint, brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

Plaintiff has sued Donald Stine, Warden of D. Ray James, and three D. Ray James employees: Philip Childs, Tamera Crews, and Ms. Fuentes. D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees

AO 72A
Rev. 8/82)

of D. Ray James are employees of The GEO Group, Inc., a private entity. The Magistrate Judge recommended dismissal of Plaintiff's Complaint on the ground that Bivens is not the appropriate avenue for Plaintiff to seek relief.

In Minneci v. Pollard, 132 S. Ct. 617 (2012), the Supreme Court of the United States held that a federal prisoner could not bring Bivens claims, for violations of his Eighth Amendment rights, against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions. In his Objections, Plaintiff argues that Minneci does not bar his First Amendment[1] Bivens claims because the Court in Minneci barred only Eighth Amendment claims. The undersigned agrees with the Magistrate Judge's determination that the legal reasoning in Minneci applies to Plaintiff's case and bars his First Amendment claims. The Magistrate Judge noted that Minneci is consistent with Eleventh Circuit law wherein claims against employees of a private corporation operating a prison under contract with the Bureau of Prisons have been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008). Plaintiff, a federal prisoner, cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.

Plaintiff also argues, in his Objections, that Alba does not apply to his case because Defendants are federal actors according to the Ninth Circuit's decision in Pollard v. The GEO Group, Inc., 629 F.3d 843, 854 (9th Cir. 2010). In Alba, the Eleventh Circuit declined to extend Bivens to cover claims for inadequate medical care against Corrections Corporation of America and its employees. In Alba, the plaintiff, a

---

[1] Plaintiff asserts that he has also brought claims under the Fifth and Sixth Amendments, but his Complaint was not served on those grounds.

prisoner at a private facility owned and operated by Corrections Corporation of America under contract with the Bureau of Prisons, underwent surgery for a benign goiter in his throat while in their custody. The plaintiff alleged that the surgery damaged his vocal cords and that he received inadequate post-operative care. The plaintiff sued employees of the facility, alleging that they acted with deliberate indifference to his medical needs. The Eleventh Circuit affirmed the dismissal of the plaintiff's claim because Bivens has never been extended to cover claims against employees of private corporations and determined that the plaintiff could avail himself of adequate state remedies. Alba, 517 F.3d at 1254–55. The court stated, "[e]ven assuming . . . that [Corrections Corporation of America] is a government actor for purposes of Bivens liability—we agree with the district court that alternative remedies exist by which Alba can recover from the Defendants." Id. at 1255. As a result, Plaintiff's argument that Alba does not apply to his case, because the Defendants are, allegedly, federal actors according to the decision in Pollard, is without merit.

Finally, Plaintiff argues that he does not have an adequate state law remedy because Defendants are, allegedly, federal actors. In Alba, the Eleventh Circuit decided that the plaintiff had adequate state law remedies available to him, even assuming the defendants were federal actors. The undersigned agrees with the Magistrate Judge's determination that state law provides adequate relief for Plaintiff's claims.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendant Stine's Motion to Dismiss is

**GRANTED,** and Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 23 day of July, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA