IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,

    Plaintiff,

vs.

DONALD STINE, Warden; PHILIP
CHILDS; TAMERA CREWS; and
Ms. FUENTES,

    Defendants.

CIVIL ACTION NO.: CV511-109

## ORDER

Plaintiff Jesus Robles ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a Motion for Reconsideration requesting that the undersigned vacate an Order dated July 23, 2012. Defendant Stine filed a Response, and Plaintiff filed a Reply. In the July 23, 2012, Order, the undersigned dismissed Plaintiff's Complaint brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

In his Motion for Reconsideration, Plaintiff again argues that Minneci v. Pollard, 132 S. Ct. 617 (2012), and Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008), do not bar his First Amendment[1] Bivens claims. The Court has already adequately explained to

---

[1] Plaintiff also requests that the Court "respond to the question it avoided in the first place: whether the plaintiff states a claim for the asserted claims under the Fifth and Sixth Amendment." (Doc. No. 39, p. 6). The Court has not avoided a determination of whether Plaintiff stated a claim under the Fifth and Sixth Amendments. As noted in the Order dated July 23, 2012, Plaintiff's Complaint was never served on those grounds. (See Doc. No. 37, p. 2 n.1; Doc. No. 15 (ordering service on Defendant Stine for possible

Plaintiff why Minneci and Alba bar his Complaint and why the holding of the Court of Appeals for the Ninth Circuit in Pollard v. The GEO Group, Inc., 629 F.3d 843, 854 (9th Cir. 2010), does not alter that determination. (See Doc. No. 37, pp. 2-3).

Additionally, Plaintiff again argues that he does not have an adequate state law remedy because Defendants are federal actors according to the Ninth Circuit's decision in Pollard. The Court has already adequately explained to Plaintiff that in Alba the Court of Appeals for the Eleventh Circuit decided that, in a similar situation, state law remedies were available even if the defendants were federal actors. (See Doc. No. 37, p. 3).

Finally, in his Motion for Reconsideration, Plaintiff explains to the Court why he cannot bring a cause of action under 42 U.S.C. § 1983. Plaintiff's inability to bring a cause of action under 42 U.S.C. § 1983 does not result in a finding that he does not have adequate alternative remedies. Plaintiff's First Amendment claim, that Defendants interfered with his legal mail, "focuses upon a kind of conduct that typically falls within the scope of traditional state tort law. And in the case of a privately employed defendant, state tort law provides an alternative, existing process capable of protecting the constitutional interests at stake." Minneci, 132 S. Ct. at 623 (internal punctuation and citation omitted). Because state tort law provides an adequate alternative remedy, Plaintiff cannot bring Bivens claims against the Defendants who are employees of D. Ray James, which is a private entity. See Minneci, 132 S. Ct. 617; Alba, 517 F.3d 1249.

---

violations of Plaintiff's First Amendment rights); Doc. No. 28 (ordering service on Defendants Childs, Crews, and Fuentes for possible violations of Plaintiff's First Amendment rights)). Even if Plaintiff's Complaint had been served for Fifth and Sixth Amendment violations, his entire Complaint would still be subject to dismissal under Minneci and Alba.

Plaintiff's Motion for Reconsideration is **DENIED**. The Order dated July 23, 2012, shall remain the Order of the Court.

**SO ORDERED**, this 24 day of August, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)